JOURNAL ENTRY and OPINION
Gloria Liddell, a landlord, appeals from a $3,000 small claims judgment of the East Cleveland Municipal Court entered in favor of Linda Conway, her tenant who sued for return of her security deposit and damages to her personalty arising from a sewer back-up in the basement of the leased premises. On appeal, Liddell contends the court erred in holding her liable for damages to Conway's personal property caused by the sewer back-up. Upon a review of the record, we have concluded that Liddell is only liable to Conway for return of the security deposit. In addition, the court erred in entering a verdict of $1,235 on Liddell's counter-claim because this amount exceeds the evidence of the amount of damage to the apartment doors presented at trial, and we therefore enter a remittitur of that amount to reflect the evidence of damages.
The facts before us indicate that Conway signed a written lease agreement for rental of an apartment located at 14121 Savannah Avenue in East Cleveland. She agreed to pay rent of $650 per month to Liddell. After giving a thirty-day notice of her intent to vacate, Conway terminated her lease and moved out on December 21, 2000. When Liddell refused to return her security deposit claiming that Conway damaged some doors in the apartment, Conway filed a small claims action in the East Cleveland Municipal Court seeking $3,000, which included return of her security deposit and compensation for damage to her clothes caused by a sewer back-up in the basement of the apartment on December 17, 2000. Liddell counterclaimed, seeking to recover $500 for damage to the apartment doors.
The court referred the matter to a magistrate, who, after conducting a hearing, awarded $3,000 to Conway on her claim and also awarded $1,235 to Liddell on her counterclaim. Liddell filed an objection to the magistrate's decision, which the court overruled. Liddell now appeals, raising one assignment of error, which states:
 THE COURT ERRED AS A MATTER OF LAW AND TO THE PREJUDICE OF THE APPELLANT IN GRANTING APPELLEES' [SIC] MOTION FOR PARTIAL SUMMARY JUDGMENT.
Initially, we note that the record does not reflect that the court entered a partial summary judgment on the issue of liability in the instant dispute; rather, the record reflects the magistrate conducted a hearing on the issues of liability and damages. Having clarified the record, we now address Liddell's contention that the court erred in finding her liable for the damage to Conway's belongings caused by a sewer back-up in the basement.
R.C. 5321.04 provides the statutory obligations of a landlord. It states, in pertinent part:
 (4) Maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating, and air conditioning fixtures and appliances, and elevators, supplied or required to be supplied by him.
Furthermore, R.C. 5321.06 provides:
 A landlord and a tenant may include in a rental agreement any terms and conditions, including any term * * * governing the rights and obligations of the parties that are not inconsistent with or prohibited by Chapter 5321 of the Revised Code or any other rule of law.
Here, the lease agreement, signed by Liddell and Conway, contained the following:
 8. Landlord shall not be liable for * * * any damage occasioned by from [sic] plumbing, gas, water, steam, or other pipes or fixtures, or sewage * * *.
Thus, the parties made a specific covenant negating the landlord's liability for sewage-related claims, and we are obligated to give effect to this language since it does not contravene the provisions of R.C.5321.04, as that statute does not require a landlord to prevent problems relating to sewer back-up.
Consequently, we have concluded that Conway failed to establish Liddell's liability for damages to her belongings because she failed to show that Liddell had a statutory or contractual duty to prevent the sewer back-up. Accord Paul v. Semirale (Sept. 5, 1996), Cuyahoga App. No. 70438, unreported (in order to hold a landlord liable for damage caused by sewer back-up, a tenant must show that the landlord had either a contractual or statutory duty to prevent sewer back-up).
Accordingly, we sustain Liddell's assignment of error and conclude the court erred in awarding Conway damages for her personalty. The lease provides, however, for return of the security deposit, and the court correctly awarded Conway $650 for that claim.
Regarding Liddell's counterclaim, the record reflects that the paint on the apartment doors peeled from heat generated by the stove that Conway operated continuously in order to heat the apartment. Here, the court awarded Liddell $1,235 based on a repair estimate she presented. Our review of the itemized estimate shows, however, that only $400 of that amount relates to the refinishing of the doors. We therefore order a remittitur of the $1,235 judgment and reduce the court's verdict on Liddell's counterclaim to $400, the amount supported by the evidence adduced at trial.
For the foregoing reasons, we modify the judgment of the trial court to reflect a judgment of $650 for Conway and $400 for Liddell.
Judgment modified and, as modified, affirmed. It is ordered that appellee and appellant share equally in the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the East Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, P.J. and JAMES J. SWEENEY, J. CONCUR.